1

2

3

4

5

6

7      IN THE UNITED STATES DISTRICT COURT

8      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9      SAN FRANCISCO DIVISION

10  In re Zynga Privacy Litigation                    NO. C 10-04680 JW

11                                                     **ORDER GRANTING IN PART AND
                                                       DENIING IN PART DEFENDANT'S
12                                                     MOTION TO DISMISS**

13  _____ /

            This case is a putative class action brought against Zynga Game Network ("Defendant"), a
14
    company which provides gaming application programs for its members to play on Facebook.
15
    Plaintiffs allege that Defendant unlawfully transmits the personally identifiable information of its
16
    users to third parties, in violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510,
17
    *et seq*. and various state laws.  The facts alleged in this case are identical to those alleged in In re
18
    Facebook Privacy Litigation.[1]
19
            Presently before the Court is Defendant's Motion to Dismiss.[2]  The Court finds it appropriate
20
    to take the matter under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the
21
    papers submitted to date, the Court GRANTS in part and DENIES in part Defendant's Motion to
22
    Dismiss.
23

24

25

26          [1]  No. C 10-02389 JW.

27          [2]  (Defendant Zynga Inc.'s Notice of Motion and Motion to Dismiss Consolidated Amended
    Class Action Complaint; Memorandum of Points and Authorities, hereafter, "Motion," Docket Item
28  No. 49.)

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

**A.      Discussion**

Because this case involves the same claims, and because Defendant's Motion raises the same defects in Plaintiffs' Complaint[3] as were raised by the similar Motion in <u>In re Facebook Privacy Litigation</u>, the Court reviews its ruling in that case as relevant to resolving the current Motion.

On May 12, 2011, the Court issued an Order granting in part Facebook's Motion to Dismiss in <u>In re Facebook Privacy Litigation</u>.[4]  The Court found that the Facebook Plaintiffs had Article III standing, because they alleged a violation of their statutory rights under 18 U.S.C. §§ 2510.  (<u>Id.</u> at 7-8.)  As to their causes of action, the Court found: (1) that the Facebook Plaintiffs failed to state a claim under the Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*, because the Facebook Plaintiffs were either alleging that the "electronic communications" at issue were sent to Facebook or to advertisers, and in either case, the transmission was exempted from liability under the Wiretap Act; (2) that the Facebook Plaintiffs failed to state a claim under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, because the Facebook Plaintiffs were either alleging that the communications at issue were sent to Facebook or to advertisers, and in either case, Facebook was permitted to divulge the communications under the Stored Communications Act; (3) that the Facebook Plaintiffs failed to state a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, because a private plaintiff under the UCL needs to allege that he lost money or property, but the Facebook Plaintiffs did not allege that they lost money, and personally identifiable information does not constitute property for purposes of a UCL claim; (4) that the Facebook Plaintiffs failed to state a claim under California's Computer Crime Law, Cal. Penal Code § 502, because the applicable sections of that statute require that a defendant's actions be taken "without permission," but it was impossible for Facebook to not have permission to access its own website; (5) that the Facebook Plaintiffs failed to state a claim under the Consumers Legal Remedies Act

---

[3]  (Consolidated Amended Class Action Complaint, hereafter, "Complaint," Docket Item No. 34.)

[4]  (<u>See</u> Order Granting in part and Denying in part Defendant's Motion to Dismiss, hereafter, "Facebook Order," Docket Item No. 91 in No. C 10-2389 JW.)

United States District Court

For the Northern District of California

1   ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, because a violation of the CLRA may only be alleged by

2   someone who has purchased or leased goods or services, and the Facebook Plaintiffs alleged that

3   they received Facebook's services "free of charge"; (6) that the Facebook Plaintiffs failed to state a

4   claim for breach of contract, because California law requires a showing of "appreciable and actual

5   damage" to assert a breach of contract claim, and the Facebook Plaintiffs failed to allege any such

6   damages; (7) that the Facebook Plaintiffs failed to state a claim under Sections 1572 and 1573 of the

7   California Civil Code, because they failed to allege that they relied upon any allegedly fraudulent

8   misrepresentations; and (8) that the Facebook Plaintiffs failed to state a claim for unjust enrichment,

9   because they alleged an express contract with Facebook, and a plaintiff may not assert an unjust

10  enrichment claim while also alleging an express contract.  (Id. at 8-16.)[5]

11        Thus, consistent with its findings in In re Facebook Privacy Litigation, with respect to

12  Defendant's Motion to dismiss in this case, the Court finds as follows:

13        (1)   Plaintiffs have Article III standing, because they allege a violation of their statutory

14              rights under the Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*, and because if Plaintiffs are

15              able to show that Defendant transmitted the contents of its users' communications in

16              the manner alleged, they will have effectively demonstrated that all of the users of

17              Defendant's website suffered the same injury, which will necessarily mean that each

18              individual Plaintiff will have demonstrated that he was injured.  (See Facebook Order

19              at 7-8.)[6]

20

21        [5] The Court dismissed the Facebook Plaintiffs' causes of action under the Wiretap Act,
    Stored Communications Act, Cal. Penal Code § 502(c)(8), breach of contract, and Cal. Civ. Code §§
22  1572 and 1573 without prejudice, giving the Facebook Plaintiffs leave to amend as to each.  (Id. at
    16-17.)  The Court dismissed the Facebook Plaintiffs' causes of action under the UCL, Cal. Penal
23  Code §§ 502(c)(1), (2), (3), (6), & (7), the CLRA, and for unjust enrichment with prejudice.  (Id.)

24        [6] Defendant's reliance on LaCourt v. Specific Media, Inc., No. SACV 10-1256-GW, 2011
    WL 1661532 (C.D. Cal. Apr. 28, 2011) in support of its contentions regarding Article III standing is
25  misplaced.  (See Statement of Recent Decision in Support of Zynga's Motion to Dismiss, Docket
    Item No. 61.)  First, LaCourt is, obviously, not binding on this Court.  Moreover, in LaCourt, the
26  plaintiffs alleged injury-in-fact on the theory that the defendant, by "taking and retaining" the
    plaintiffs' "personal information," had deprived the plaintiffs of the "economic value" of that
27  information.  See LaCourt, 2011 WL 1661532, at *4.  The court found that it "would be very

28                                                    3

United States District Court

For the Northern District of California

1        (2)    Plaintiffs' claims under the Wiretap Act, 18 U.S.C. §§ 2510, *et seq*., and Stored

2                Communications Act, 18 U.S.C. §§ 2701, *et seq.*, fail because Plaintiffs appear to

3                allege either that the electronic communications in question were sent to Defendant

4                itself, to Facebook, or to advertisers, but both Acts exempt addressees or intended

5                recipients of electronic communications from liability for disclosing those

6                communications.[7]  (See Facebook Order at 8-10.)

7        (3)    Plaintiffs' claim under the UCL fails because Plaintiffs do not allege that they lost

8                money as a result of Defendant's conduct, but instead allege that Defendant

9                unlawfully shared their "personally identifiable information" with third-party

10              advertisers.[8]  However, personal information does not constitute property for

11              purposes of a UCL claim.  (See Facebook Order at 10-11.)

12       (4)    Plaintiffs' claim under the CLRA fails because a violation of the CLRA may only be

13              alleged by a "consumer," i.e. an individual who purchases or leases goods or services,

14              but as discussed previously, Plaintiffs allege that Defendant's services are available

15              for free.  (See Facebook Order at 14.)

16       (5)    Plaintiffs' claim for breach of contract fails because California law requires a

17              showing of "appreciable and actual damage" to assert a breach of contract claim, but

18

19

---

20  difficult to conclude at this point," on the basis of those allegations, that the plaintiffs had established standing.  Id. at *6.  However, the court did not hold that the plaintiffs could not

21  "articulate some actual or imminent injury in fact"; it merely found that "at this point [the plaintiffs] haven't offered a coherent and factually supported theory of what that injury might be."  Id.  Finally,

22  the plaintiffs in LaCourt did not bring a cause of action under the Wiretap Act, which is the statute under which this Court finds that Plaintiffs have Article III standing.

23

24     [7]  (Compare Complaint ¶¶ 1-5, 8 (alleging that Defendant itself "collects personally identifiable information" from its users) with id. ¶ 76 (alleging that Defendant's users, by using

25  Defendant's "gaming apps," are "asking [Defendant] to send an electronic communication to Facebook") and id. ¶ 72 (alleging that Defendant allows users to "send electronic communications to advertisers by clicking on advertising banners within or through [Defendant's] gaming apps").)

26

27     [8]  (See Complaint ¶¶ 1-3; see also id. at ¶ 21 (alleging that Defendant "does not charge . . . a fee" to use its services).)

28                                     4

United States District Court

For the Northern District of California

1   Plaintiffs only allege that they have "suffered and will continue to suffer damages and

2   losses."[9]  (See Facebook Order at 14-15.)

3   In addition, Plaintiffs state a claim under the Computer Fraud and Abuse Act ("CFAA"), 18

4   U.S.C. §§ 1030, *et seq*.  The CFAA was enacted "to enhance the government's ability to prosecute

5   computer crimes," and was originally designed "to target hackers who accessed computers to steal

6   information or to disrupt or destroy computer functionality."  LVRC Holdings LLC v. Brekka, 581

7   F.3d 1127, 1130 (9th Cir. 2009).  The section of the CFAA that creates a right of action for private

8   persons injured by such crimes specifies that a civil action under the CFAA "may be brought only if

9   the conduct involves [one out of a list of five prescribed factors]."  Id. at 1131 (citing 18 U.S.C. §

10  1030(g)).  Those factors are as follows: (1) "loss to 1 or more persons during any 1-year period . . .

11  aggregating at least $5,000 in value"; (2) "the modification or impairment, or potential modification

12  or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals";

13  (3) "physical injury to any person"; (4) "a threat to public health or safety"; and (5) "damage

14  affecting a computer used by or for an entity of the United States Government in furtherance of the

15  administration of justice, national defense, or national security."  18 U.S.C. §§ 1030(c)(4)(A)(i)(I)-

16  (V).

17  Here, Plaintiffs allege as follows:

18       Defendant caused Plaintiffs to suffer damage or loss by misappropriating and
         disclosing to others Plaintiffs' personally identifiable information. (Complaint ¶ 98.)
19       Defendant caused damage or loss during a one-year period aggregating in excess of $5,000.
         (Id. ¶ 99.)

20

21  The Court finds that Plaintiffs' allegation of a violation of the CFAA depends on the

22  allegation that Plaintiffs' personally identifiable information constitutes a form of money or

23  property, such that Defendant's alleged misappropriation and disclosure of that information would

24  constitute "damage or loss . . . in excess of $5,000."  However, Plaintiffs offer no legal authority in

25  support of the theory that personally identifiable information constitutes a form of money or

26

27       [9]  (Complaint ¶ 125.)

28                                                    5

1  property.  In the absence of any such authority, the Court finds that Plaintiffs fail to allege monetary

2  damage or loss caused by Defendant.[10]  (See Facebook Order at 11 n.10.)  Thus, the Court dismisses

3  Plaintiffs' CFAA claim with prejudice.

4  **B.      Conclusion**

5       The Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss as follows:

6       (1)     The Court DENIES Defendant's Motion to Dismiss on the ground that Plaintiffs lack

7               standing under Article III;

8       (2)     The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

9               under the Wiretap Act without prejudice, with leave to amend to allege specific facts

10              showing that the information allegedly disclosed by Defendant was not part of a

11              communication from Plaintiffs to an addressee or intended recipient of that

12              communication;

13      (3)     The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

14              under the Stored Communications Act without prejudice, with leave to amend to

15              allege specific facts showing that the information allegedly disclosed by Defendant

16              was not part of a communication from Plaintiffs to an addressee or intended recipient

17              of that communication;

18      (4)     The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

19              under the UCL with prejudice;

20      (5)     The Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Cause of Action

21              under the CLRA with prejudice;

22

23      [10] Plaintiffs' reliance on United States v. Nosal, No. 10-10038, 2011 U.S. App. LEXIS 8660 (9th Cir. Apr. 28, 2011) in support of their allegations under the CFAA is misplaced.  (See Statement of Recent Decisions in Support of Plaintiffs' Response in Opposition to Zynga's Motion

24  to Dismiss, Docket Item No. 63.)  In Nosal, the Ninth Circuit "clarif[ied]" its holding in Brekka to explain that under the CFAA, "an employee accesses a computer in excess of his or her

25  authorization when that access violates the employer's access restrictions."  2011 U.S. App. LEXIS 8660, at *21.  Nosal is not pertinent here, because: (1) the Ninth Circuit's holding in Nosal was

26  limited to the context of an employee's access to his employer's computer system; and (2) Nosal involved a criminal prosecution under the CFAA, and nothing in the opinion speaks to the provision

27  of the statute providing for a private right of action.

28                                              6

(6)    The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action for

breach of contract without prejudice, with leave to amend to allege specific facts

showing appreciable and actual damages in support of their claim; and

(7)    The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

under the CFAA with prejudice.

Any Amended Complaint shall be filed on or before **July 15, 2011** and shall be consistent

with the terms of this Order.

Dated:  June 15, 2011

JAMES WARE
United States District Chief Judge

7

**United States District Court**
For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Adam Gutride adam@gutridesafier.com
    Adam J. Levitt levitt@whafh.com
3   Andrew N. Friedman afriedman@cohenmilstein.com
    Benjamin Harris Richman brichman@edelson.com
4   Charles Hyunchul Jung cjung@nassiri-jung.com
    David R. Buchanan Dbuchanan@SeegerWeiss.com
5   Francis M. Gregorek gregorek@whafh.com
    Jeff S. Westerman jwesterman@milberg.com
6   Joel E Elkins jelkins@weisslurie.com
    Jonathan Shub jshub@seegerweiss.com
7   Jordan L. Lurie jlurie@weisslurie.com
    Juli E. Farris jfarris@kellerrohrback.com
8   Kassra Powell Nassiri knassiri@nassiri-jung.com
    Leigh Anne Parker lparker@weisslurie.com
9   Mark Adam Griffin mgriffin@kellerrohrback.com
    Matthew Dean Brown mbrown@cooley.com
10  Michael J. Boni mboni@bonizack.com
    Michael James Aschenbrener maschenbrener@edelson.com
11  Michael Patrick Dillingham mdillingham@nassiri-jung.com
    Michael Robert Reese michael@reeserichman.com
12  Philip Scott Friedman psf@consumerlawhelp.com
    Richard L. Seabolt rlseabolt@duanemorris.com
13  Robert Joseph Drexler rdrexler@kpalawyers.com
    Sabrina S. Kim skim@milberg.com
14  Seth Adam Safier seth@gutridesafier.com

15

16  **Dated:  June 15, 2011**                          **Richard W. Wieking, Clerk**

17                                                       **By:    /s/ JW Chambers**
                                                              **Susan Imbriani**
18                                                            **Courtroom Deputy**

19

20

21

22

23

24

25

26

27

28