Name  Adam J. Levitt

Address  55 West Monroe Street, Suite 1111

City, State, Zip  Chicago, Illinois 60657

Phone  312-984-0000

Fax  312-984-0001

E-Mail  levitt@whafh.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

**FILED**

DEC 2 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| In re Zynga Privacy Litigation | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | C 10-04680 JW |
| v. | |
| DEFENDANT(S). | **NOTICE OF APPEAL** |

Plaintiffs Richard Bcilca, Nancy Walther Graf, Howard L. Schreiber, John Swanson,

NOTICE IS HEREBY GIVEN that  Leilaniah Adams, Valerie Gudac, William J. O'Hara, Iris Phee, Zena Carmel-Jessup,  hereby appeals to

Shelley Albini, Christopher Brock, Karen Bryant, and Barbara Moskowitz

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

| **Criminal Matter** | **Civil Matter** |
|---|---|
| ☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)] | ☒ Order (specify): |
| ☐ Conviction and Sentence | Granting Defendant's Motion to Dismiss |
| ☐ Sentence Only (18 U.S.C. 3742) | |
| ☐ Pursuant to F.R.Cr.P. 32(j)(2) | ☒ Judgment (specify): |
| ☐ Interlocutory Appeals | Dismissing the action with prejudice |
| ☐ Sentence imposed: | |
| | ☐ Other (specify): |
| ☐ Bail status: | |

Imposed or Filed on June 15, 2011 and November 22, 2011 Entered on the docket in this action on  Dkt. Nos. 64, 85 and 86  .

A copy of said judgment or order is attached hereto.

December 21, 2011

Date

Signature

☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re Zynga Privacy Litigation

NO. C 10-04680 JW

**JUDGMENT**

Pursuant to the Court's November 22, 2011 Order Granting Defendant's Motion to Strike; Granting Defendant's Motion to Dismiss, judgment is entered in favor of Defendant Zynga Game Network, Inc. and against Plaintiffs Richard Beiles, Nancy Walther Graf, Howard Schreiber, John Swanson and Lellaniah Adams.

Each party shall bear their own fees and costs. The Clerk shall close this file.

Dated: November 22, 2011

JAMES WARE
United States District Chief Judge

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Adam Gutride adam@gutridesafier.com
   Adam J. Levitt levitt@whafh.com

3  Andrew N. Friedman afriedman@cohenmilstein.com
   Benjamin Harris Richman brichman@edelson.com

4  Charles Hyunchul Jung cjung@nassiri-jung.com
   David R. Buchanan Dbuchanan@SeegerWeiss.com

5  Francis M. Gregorek gregorek@whafh.com
   Jeff S. Westerman jwesterman@milberg.com

6  Joel E Elkins jelkins@weisslurie.com
   Jonathan Shub jshub@seegerweiss.com

7  Jordan L. Lurie jluric@weisslurie.com
   Juli E. Farris jfarris@kellerrohrback.com

8  Kassra Powell Nassiri knassiri@nassiri-jung.com
   Leigh Anne Parker lparker@weisslurie.com

9  Mark Adam Griffin mgriffin@kellerrohrback.com
   Matthew Dean Brown mbrown@cooley.com

10 Michael J. Boni mboni@bonizack.com
   Michael James Aschenbrener mja@aschenbrenerlaw.com

11 Michael Patrick Dillingham mdillingham@nassiri-jung.com
   Michael Robert Reese michael@reeserichman.com

12 Philip Scott Friedman psf@consumerlawhelp.com
   Richard L. Seabolt rlseabolt@duanemorris.com

13 Robert Joseph Drexler rdrexler@kpalawyers.com
   Sabrina S. Kim skim@milberg.com

14 Seth Adam Safier seth@gutridesafier.com

15

16 **Dated: November 22, 2011**                    **Richard W. Wieking, Clerk**

17                                          By:____**/s/ JW Chambers**____
                                                **Susan Imbriani**
18                                              **Courtroom Deputy**

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*For the Northern District of California*

# EXHIBIT B

United States District Court
For the Northern District of California

1

2

3

4

5               IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                 SAN FRANCISCO DIVISION

8   In re Zynga Privacy Litigation          NO. C 10-04680 JW

9

10
**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE; GRANTING DEFENDANT'S MOTION TO DISMISS**

11
_____/

Presently before the Court are Defendant's Motion to Strike[1] and Defendant's Motion to

12

Dismiss.[2] The Court conducted a hearing on October 17, 2011. Based on the papers submitted to

13

date and oral argument, the Court GRANTS Defendant's Motion to Strike and GRANTS

14

Defendant's Motion to Dismiss.

15

**A.**   **Background**

16

A detailed summary of the factual background of this case is provided in the Court's June 15,

17

2011 Order.[3] The Court reviews the procedural history relevant to the present Motion.

18

On June 15, 2011, the Court granted in part and denied in part Defendant's previous motion

19

to dismiss. (See June 15 Order.) On July 15, 2011, Plaintiffs filed an Amended Complaint pursuant

20

to the Court's June 15 Order.[4]

21

22      [1] (Defendant Zynga Inc.'s Notice of Motion and Motion to Strike the Corrected Second

23 Amended Consolidated Class Action Complaint's Causes of Action Already Dismissed with Prejudice, hereafter, "Motion to Strike," Docket Item No. 71.)

24      [2] (Defendant Zynga Inc.'s Notice of Motion and Motion to Dismiss Corrected Second

25 Amended Consolidated Class Action Complaint, hereafter, "Motion to Dismiss," Docket Item No. 72.)

26      [3] (Order Granting in part and Denying in part Defendant's Motion to Dismiss, hereafter,

27 "June 15 Order," Docket Item No. 64.)

28      [4] (Corrected Second Amended Consolidated Class Action Complaint, hereafter, "SAC," Docket Item No. 67.)

**B.     Standards**

**1.     Motion to Strike**

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (citation omitted).

However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit. See S.E.C. v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995); LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992). When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Securities Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

**2.     Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

2

1    However, mere conclusions couched in factual allegations are not sufficient to state a cause

2    of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845

3    F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief

4    that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts

5    may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by

6    amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

7    **C.    Discussion**

8         **1.    Motion to Strike**

9         Defendant moves to strike from the Second Amended Complaint the Third, Fourth and Fifth

10   Causes of Action, on the ground that although the Court has already dismissed them with prejudice,

11   Plaintiffs "substantially amended the language of those causes of action" when re-alleging them in

12   the Second Amended Complaint.[5] (Motion to Strike at 2-3.) Plaintiffs respond that these causes of

13   action should not be stricken, because they "assert those claims for the first time on behalf of a new

14   plaintiff . . . and a new Subclass" in the Second Amended Complaint, and as to the original Plaintiffs

15   and Class "merely state [the] claims . . . to preserve them, for appellate purposes."[6]

16        In the context of 12(f) motions, the type of "impertinent matter" that may properly be struck

17   from a complaint by a district court "consists of statements that do not pertain, and are not

18   necessary, to the issues in question." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th

19   Cir. 2010) (citation omitted). Where a claim is dismissed with prejudice, an attempt to replead that

20   claim with "supplemental allegations" in an amended complaint is "gratuitous," and a district court

21

22

---

23    [5] The causes of action at issue were brought under California's Unfair Competition Law,
California's Consumer Legal Remedies Act and the Computer Fraud and Abuse Act. (See June 15
24   Order at 6-7.) In the June 15 Order, the Court dismissed each of these causes of action "with
prejudice." (Id.)
25

26    [6] (Plaintiffs' Opposition to Zynga's Motion to Strike the Corrected Second Amended
Consolidated Class Action Complaint's Causes of Action Already Dismissed with Prejudice at 2-3,
Docket Item No. 76.) The Court observes that Plaintiffs did not seek leave to amend their previous
27   Amended Complaint so as to add the new Plaintiff named in the Second Amended Complaint.

28                                                3

United States District Court
For the Northern District of California

1 acts "within its discretion to ignore it." Crichton v. Golden Rule Ins. Co., 576 F.3d 392, 395-96 (7th
2 Cir. 2009).

3      Here, the Court explicitly dismissed the causes of action in question "with prejudice." (June
4 15 Order at 6-7.) Nonetheless, Plaintiffs replead these causes of action, with supplemental
5 allegations, in their Second Amended Complaint, on the ground that these causes of action have "not
6 been ruled upon as to the Subclass." (See, e.g., SAC at 24.) However, since the Court has already
7 dismissed these causes of action with prejudice as to the class in its entirety, it necessarily follows
8 that they have also been dismissed as to any subset of that class (e.g. the putative "Subclass").
9 Because these causes of action have been dismissed with prejudice in their entirety, they do not
10 pertain to the remaining issues at question in this case. Whittlestone, 618 F.3d at 974. Thus, the
11 Court finds good cause to strike these causes of action.[7]

12      Accordingly, the Court GRANTS Defendant's Motion to Strike.

13      **2.    Motion to Dismiss**

14      Because this case involves similar claims, and because Defendant's Motion to Dismiss raises
15 the same defects in Plaintiffs' Second Amended Complaint as were raised by the similar Motion in
16 In re Facebook Privacy Litigation, the Court reviews its ruling in that case as relevant to resolving
17 the current Motion.

18      On November 22, 2011, the Court issued an Order granting Facebook's Motion to Dismiss in
19 In re Facebook Privacy Litigation.[8] In that Order, the Court found that the plaintiffs in that case: (1)
20 failed to state a claim under the Stored Communications Act, because they were alleging that

21
22
23

24     [7] Plaintiffs may retain these causes of action, as they were pleaded in the earlier First
Amended Complaint, for purposes of appeal. See, e.g., Miletak v. Allstate Ins. Co., No. C 06-03778
25 JW, 2007 WL 7061350, at *4 (N.D. Cal. July 18, 2007) (explaining that a plaintiff "must reallege
even dismissed causes of action in order to preserve them for appeal" under Ninth Circuit caselaw).
26

27     [8] (See Order Granting Defendant's Motion to Dismiss with Prejudice, hereafter, "Facebook
Order," Docket Item No. 106 in No. C 10-2389 JW.)

28                         4

1 Facebook was acting as an "RCS provider"[9] in relation to the communications at issue, but that
2 argument relied on the mutually inconsistent propositions that (a) the communications were
3 addressed to advertisers and (b) the communications consisted of "data" which was sent to Facebook
4 for "processing or storage"; (2) failed to state a claim under Cal. Penal Code § 502(c)(8), because
5 they alleged that the transmissions at issue were caused by a "standard web browser function,"
6 rather than by a "contaminant" introduced to the plaintiffs' computers by Facebook to "usurp" the
7 "normal operations" of those computers; (3) failed to state a claim for breach of contract, because
8 they failed to show that they suffered "appreciable and actual damage"; and (4) failed to state a
9 claim under Cal. Civ. Code §§ 1572 and 1573, because they failed to show that they had suffered
10 non-speculative damages. (Facebook Order at 4-9.)

11 Thus, consistent with its findings in In re Facebook Privacy Litigation, with respect to
12 Defendant's Motion to Dismiss in this case, the Court finds that Plaintiffs' claims under the Wiretap
13 Act and Stored Communications Act fail. Plaintiffs' allegations as to both of these claims rest on
14 their contention that Defendant "was acting as an RCS provider at the time it non-consensually
15 divulged the contents of Plaintiffs' . . . communications."[10] However, Plaintiffs also allege that the
16 "electronic communications" at issue in this case are "transmission[s]" between "the user and at
17 least Facebook" which enables the user "to play a Zynga gaming app."[11] Thus, consistent with In re
18 Facebook Privacy Litigation, the Court finds that Plaintiffs' allegations rely on the following
19 mutually inconsistent propositions: (1) the communications were addressed to "at least Facebook,"

20

21 [9] As the Ninth Circuit has explained, an "electronic communication service" ("ECS") is statutorily defined as "any service which provides to users thereof the ability to send or receive wire
22 or electronic communications." Quon v. Arch Wireless Operating Co., Inc., 529 F.3d 892, 900 (9th Cir. 2008) (citing § 2510(15)). By contrast, a "remote computing service" ("RCS") is statutorily defined as "the provision to the public of computer storage or processing services by means of an
23 electronic communications system." Id. (citing § 2711(2)).

24 [10] (Plaintiffs' Opposition to Zynga's Motion to Dismiss Corrected Second Amended Consolidated Class Action Complaint at 4, hereafter, "Opp'n," Docket Item No. 77.)
25

26 [11] (SAC ¶ 43; see also Opp'n at 5 (characterizing Plaintiffs' allegations about the electronic communications at issue as follows: "when [Plaintiffs] use a Zynga gaming app, they transmit
27 electronic communications through the [I]nternet to at least Facebook to enable [themselves] to play and interact with a Zynga gaming app").)

28

United States District Court
For the Northern District of California

1  and were for the purpose of enabling the user to play a gaming app; and (2) the communications

2  consisted of "data" sent to Defendant for "processing or storage."[12] Accordingly, the Court

3  DISMISSES Plaintiffs' claims under the Wiretap Act and Stored Communications Act.

4  In addition, Plaintiffs state two claims which are significantly different from claims stated by

5  the plaintiffs in In re Facebook Privacy Litigation: (1) a claim for breach of contract; and (2) a claim

6  for breach of the covenant of good faith and fair dealing. The Court considers each of these claims

7  in turn.

8  ### a. Breach of Contract

9  At issue is whether Plaintiffs state a claim for breach of contract.

10  In its June 15 Order, the Court found that Plaintiffs' claim for breach of contract failed

11  "because California law requires a showing of 'appreciable and actual damage' to assert a breach of

12  contract claim, but Plaintiffs only allege that they have 'suffered and will continue to suffer damages

13  and losses.'" (June 15 Order at 4-5.) Accordingly, the Court granted Defendant's motion to dismiss

14  Plaintiffs' cause of action for breach of contract without prejudice, with leave to amend "to allege

15  specific facts showing appreciable and actual damages in support of their claim." (Id. at 7.)

16  Here, in support of their breach of contract claim, Plaintiffs allege that they suffered "actual

17  and appreciable damages" as follows:

18  [Plaintiffs'] personally identifiable information . . . has ascertainable value. . . .
[Plaintiffs'] actual and appreciable damages take the form of the value of their [personally
19  identifiable information] that [Defendant] wrongfully shared with its advertisers and other
third parties . . . [In addition, the] actual and appreciable damages for Subclass members take
20  the form of the monies they paid for [Defendant's] virtual currency.

21  (SAC ¶ 151.)

22  Thus, Plaintiffs' breach of contract claim relies on two allegations: (1) the allegation that, as

23  to the Class as a whole, Plaintiffs suffered "appreciable and actual damages" in the form of the loss

24  of the "value" of their personally identifiable information; and (2) the allegation that, as to the

25

26  [12] Further, the Court finds that Plaintiffs' claims under the Wiretap Act fail for the same
reasons that the plaintiffs' Wiretap Act claims failed in In re Facebook Privacy Litigation, as
explained in the Court's May 12, 2011 Order in that case. (See Order Granting in part and Denying
27  in part Defendant's Motion to Dismiss, Docket Item No. 91 in No. C 10-2389 JW.)

28  6

United States District Court
For the Northern District of California

1   Subclass only, Plaintiffs suffered "appreciable and actual damages" in the "form of the monies they

2   paid" for Defendant's "virtual currency."[13] Upon review, however, the Court finds that neither of

3   these allegations support Plaintiffs' breach of contract claim. First, consistent with its findings in In

4   re Facebook Privacy Litigation, the Court finds that Plaintiffs' theory that their personally

5   identifiable information has "value" that they have "lost" lacks legal support, and thus does not

6   constitute a showing of "appreciable and actual damages" in the context of Plaintiffs' breach of

7   contract claim. (See Facebook Order at 7-9.) Second, as to the Subclass, Plaintiffs do not allege

8   that members of the Subclass paid money for goods which Defendant failed to deliver. Plaintiffs

9   merely allege that members of the Subclass purchased "virtual goods" from Defendant. (SAC ¶ 77.)

10  However, Plaintiffs do not allege that Defendant failed to give members of the Subclass the "virtual

11  goods" for which they paid money. Instead, as discussed above, the "breach of contract" alleged to

12  have occurred here involved "divulging, transmitting, renting, selling, [and] otherwise providing

13  [Plaintiffs'] personally identifiable information to third parties in breach of the terms of its

14  Agreement."[14] (Id. ¶ 150.) Thus, Plaintiffs' allegation that members of the Subclass paid "monies"

15  for Defendant's "virtual currency" has no connection to Plaintiffs' allegations regarding the

16  "contract" not to divulge their personally identifiable information. Accordingly, the Court finds that

17

18  [13] Plaintiffs allege that they had to "affirmatively assent and agree to be bound by [Defendant's] Privacy Policy" (the "Agreement") in order "to register for and use [Defendant's] gaming apps," and that the Agreement constitutes "a valid and enforceable contract between

19  Plaintiffs and the Class on the one hand, and [Defendant] on the other." (SAC ¶¶ 144-45.) Further, Plaintiffs allege that Defendant breached the Agreement by "divulging, transmitting, renting, selling,

20  [and] otherwise providing [Plaintiffs'] personally identifiable information to third parties." (Id. ¶ 150.) Because the Court finds that Plaintiffs fail to adequately allege the damages element of their

21  breach of contract claim, the Court does not reach any other issues in regard to this claim.

22  [14] Although Plaintiffs' Second Amended Complaint is confused as to this point, it appears that Plaintiffs are attempting to conflate two possible theories of breach of contract: (1) the theory

23  that Defendant had a "contract" with Plaintiffs not to disclose their personally identifiable information to third parties; and (2) the theory that Defendant had a separate contract with the

24  Subclass to sell them "virtual goods." As to the first theory, as discussed above, Plaintiffs fail to state a claim because they cannot show that the loss of the "value" of their personally identifiable

25  information constitutes damages for purposes of breach of contract. As to the second theory, Plaintiffs fail to state a claim because they do not allege that Defendant *breached* the contract in

26  question, i.e., they do not allege that Defendant failed to sell them the "virtual goods" for which they had paid. (See Facebook Order at 7 (explaining that, under California law, a plaintiff must plead

27  "defendant's breach" of a contract in order to plead a breach of contract claim).)

28                                                      7

United States District Court
For the Northern District of California

1 Plaintiffs have failed to show "appreciable and actual damages *in support of* [their] claim" for

2 breach of contract. (See June 15 Order at 7) (emphasis added).

3 Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' cause of action

4 for breach of contract.

5 **b. Breach of the Covenant of Good Faith and Fair Dealing**

6 At issue is whether Plaintiffs state a claim for breach of the covenant of good faith and fair

7 dealing.[15]

8 If a plaintiff's allegations of the breach of the covenant of good faith and fair dealing "do not

9 go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek

10 the same damages or other relief already claimed in a companion contract cause of action, they may

11 be disregarded as superfluous as no additional claim is actually stated." Bionghi v. Met. Water Dist.

12 of So. Cal., 70 Cal. App. 4th 1358, 1370 (Cal. Ct. App. 1999).

13 Here, Plaintiffs state a cause of action for breach of contract by alleging that Defendant

14 breached its contract with Plaintiffs "by divulging, transmitting, renting, selling, [and] otherwise

15 providing their personally identifiable information to third parties in breach of the terms of its

16 Agreement." (SAC ¶ 150.) Similarly, Plaintiffs state a cause of action for breach of the covenant of

17 good faith and fair dealing by alleging that Defendant "violated its promises and divulged its users'

18 personally identifiable information to third parties without their authorization or consent." (Id. ¶

19 161.) Plaintiffs do not seek separate damages or different relief for these two causes of action.

20 Thus, because Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing

21 relies on the same alleged acts, and seeks the same relief, as Plaintiffs' cause of action for breach of

22 contract, it "may be disregarded as superfluous." Bionghi, 70 Cal. App. 4th at 1370.

23 Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' cause of action

24 for breach of the covenant of good faith and fair dealing.

25

26 [15] The Court observes that Plaintiffs added a cause of action for breach of the covenant of good faith and fair dealing to their Second Amended Complaint without being granted leave to amend as to this cause of action. Nonetheless, the Court addresses the merits of this cause of action

27 so as to arrive at a final resolution of Plaintiffs' claims.

28 8

United States District Court
For the Northern District of California

1

**D.      Conclusion**

2          The Court GRANTS Defendant's Motion to Strike and GRANTS Defendant's Motion to

3  Dismiss.

4          Because the Court has already granted Plaintiffs leave to amend to allege specific facts as to

5  the claims discussed above, and because the Court finds that Plaintiffs continue to fail to state a

6  claim as to each of the claims, the Court finds that further amendment would be futile. Accordingly,

7  the Second Amended Complaint is dismissed with prejudice.

8

9  Dated: November 22, 2011

10                                             JAMES WARE
                                               United States District Chief Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              9

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Adam Gutride adam@gutridesafier.com
   Adam J. Levitt levitt@whafh.com
3  Andrew N. Friedman afriedman@cohenmilstein.com
   Benjamin Harris Richman brichman@edelson.com
4  Charles Hyunchul Jung cjung@nassiri-jung.com
   David R. Buchanan Dbuchanan@SeegerWeiss.com
5  Francis M. Gregorek gregorek@whafh.com
   Jeff S. Westerman jwesterman@milberg.com
6  Joel E Elkins jelkins@weisslurie.com
   Jonathan Shub jshub@seegerweiss.com
7  Jordan L. Lurie jlurie@weisslurie.com
   Juli E. Farris jfarris@kellerrohrback.com
8  Kassra Powell Nassiri knassiri@nassiri-jung.com
   Leigh Anne Parker lparker@weisslurie.com
9  Mark Adam Griffin mgriffin@kellerrohrback.com
   Matthew Dean Brown mbrown@cooley.com
10 Michael J. Boni mboni@bonizack.com
   Michael James Aschenbrener mja@aschenbrenerlaw.com
11 Michael Patrick Dillingham mdillingham@nassiri-jung.com
   Michael Robert Reese michael@reeserichman.com
12 Philip Scott Friedman psf@consumerlawhelp.com
   Richard L. Seabolt rlseabolt@duanemorris.com
13 Robert Joseph Drexler rdrexler@kpalawyers.com
   Sabrina S. Kim skim@milberg.com
14 Seth Adam Safier seth@gutridesafier.com

15
   **Dated: November 22, 2011**                    **Richard W. Wieking, Clerk**
16

17                                         **By:**   **/s/ JW Chambers**
                                                     **Susan Imbriani**
18                                                   **Courtroom Deputy**

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

Case5:10-cv-04680-JW Document64 Filed06/15/11 Page1 of 8

1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 SAN FRANCISCO DIVISION

10 In re Zynga Privacy Litigation          NO. C 10-04680 JW

11                                         **ORDER GRANTING IN PART AND**
                                           **DENYING IN PART DEFENDANT'S**
12                                         **MOTION TO DISMISS**

13                                  /

14     This case is a putative class action brought against Zynga Game Network ("Defendant"), a

company which provides gaming application programs for its members to play on Facebook.
15
Plaintiffs allege that Defendant unlawfully transmits the personally identifiable information of its
16
users to third parties, in violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510,
17
*et seq.* and various state laws. The facts alleged in this case are identical to those alleged in In re
18
Facebook Privacy Litigation.[1]
19
       Presently before the Court is Defendant's Motion to Dismiss.[2] The Court finds it appropriate
20
to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the
21
papers submitted to date, the Court GRANTS in part and DENIES in part Defendant's Motion to
22
Dismiss.
23

24

25

26     [1] No. C 10-02389 JW.

27     [2] (Defendant Zynga Inc.'s Notice of Motion and Motion to Dismiss Consolidated Amended
Class Action Complaint; Memorandum of Points and Authorities, hereafter, "Motion," Docket Item
28 No. 49.)

United States District Court

For the Northern District of California

1  **A.    Discussion**

2        Because this case involves the same claims, and because Defendant's Motion raises the same

3  defects in Plaintiffs' Complaint[3] as were raised by the similar Motion in In re Facebook Privacy

4  Litigation, the Court reviews its ruling in that case as relevant to resolving the current Motion.

5        On May 12, 2011, the Court issued an Order granting in part Facebook's Motion to Dismiss

6  in In re Facebook Privacy Litigation.[4] The Court found that the Facebook Plaintiffs had Article III

7  standing, because they alleged a violation of their statutory rights under 18 U.S.C. §§ 2510. (Id. at

8  7-8.) As to their causes of action, the Court found: (1) that the Facebook Plaintiffs failed to state a

9  claim under the Wiretap Act, 18 U.S.C. §§ 2510, et seq., because the Facebook Plaintiffs were either

10  alleging that the "electronic communications" at issue were sent to Facebook or to advertisers, and

11  in either case, the transmission was exempted from liability under the Wiretap Act; (2) that the

12  Facebook Plaintiffs failed to state a claim under the Stored Communications Act, 18 U.S.C. §§ 2701,

13  et seq., because the Facebook Plaintiffs were either alleging that the communications at issue were

14  sent to Facebook or to advertisers, and in either case, Facebook was permitted to divulge the

15  communications under the Stored Communications Act; (3) that the Facebook Plaintiffs failed to

16  state a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§

17  17200, et seq., because a private plaintiff under the UCL needs to allege that he lost money or

18  property, but the Facebook Plaintiffs did not allege that they lost money, and personally identifiable

19  information does not constitute property for purposes of a UCL claim; (4) that the Facebook

20  Plaintiffs failed to state a claim under California's Computer Crime Law, Cal. Penal Code § 502,

21  because the applicable sections of that statute require that a defendant's actions be taken "without

22  permission," but it was impossible for Facebook to not have permission to access its own website;

23  (5) that the Facebook Plaintiffs failed to state a claim under the Consumers Legal Remedies Act

24

25        [3] (Consolidated Amended Class Action Complaint, hereafter, "Complaint," Docket Item No.
26  34.)

27        [4] (See Order Granting in part and Denying in part Defendant's Motion to Dismiss, hereafter,
   "Facebook Order," Docket Item No. 91 in No. C 10-2389 JW.)

28                                               2

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1 ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, because a violation of the CLRA may only be alleged by

2 someone who has purchased or leased goods or services, and the Facebook Plaintiffs alleged that

3 they received Facebook's services "free of charge"; (6) that the Facebook Plaintiffs failed to state a

4 claim for breach of contract, because California law requires a showing of "appreciable and actual

5 damage" to assert a breach of contract claim, and the Facebook Plaintiffs failed to allege any such

6 damages; (7) that the Facebook Plaintiffs failed to state a claim under Sections 1572 and 1573 of the

7 California Civil Code, because they failed to allege that they relied upon any allegedly fraudulent

8 misrepresentations; and (8) that the Facebook Plaintiffs failed to state a claim for unjust enrichment,

9 because they alleged an express contract with Facebook, and a plaintiff may not assert an unjust

10 enrichment claim while also alleging an express contract. (Id. at 8-16.)[5]

11      Thus, consistent with its findings in In re Facebook Privacy Litigation, with respect to

12 Defendant's Motion to dismiss in this case, the Court finds as follows:

13      (1)   Plaintiffs have Article III standing, because they allege a violation of their statutory

14            rights under the Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*, and because if Plaintiffs are

15            able to show that Defendant transmitted the contents of its users' communications in

16            the manner alleged, they will have effectively demonstrated that all of the users of

17            Defendant's website suffered the same injury, which will necessarily mean that each

18            individual Plaintiff will have demonstrated that he was injured. (See Facebook Order

19            at 7-8.)[6]

20

---

21      [5] The Court dismissed the Facebook Plaintiffs' causes of action under the Wiretap Act,
Stored Communications Act, Cal. Penal Code § 502(c)(8), breach of contract, and Cal. Civ. Code §§
22 1572 and 1573 without prejudice, giving the Facebook Plaintiffs leave to amend as to each. (Id. at
16-17.) The Court dismissed the Facebook Plaintiffs' causes of action under the UCL, Cal. Penal
23 Code §§ 502(c)(1), (2), (3), (6), & (7), the CLRA, and for unjust enrichment with prejudice. (Id.)

24      [6] Defendant's reliance on LaCourt v. Specific Media, Inc., No. SACV 10-1256-GW, 2011
WL 1661532 (C.D. Cal. Apr. 28, 2011) in support of its contentions regarding Article III standing is
25 misplaced. (See Statement of Recent Decision in Support of Zynga's Motion to Dismiss, Docket
Item No. 61.) First, LaCourt is, obviously, not binding on this Court. Moreover, in LaCourt, the
26 plaintiffs alleged injury-in-fact on the theory that the defendant, by "taking and retaining" the
plaintiffs' "personal information," had deprived the plaintiffs of the "economic value" of that
27 information. See LaCourt, 2011 WL 1661532, at *4. The court found that it "would be very

28                                            3

United States District Court
For the Northern District of California

(2)  Plaintiffs' claims under the Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*, and Stored
Communications Act, 18 U.S.C. §§ 2701, *et seq.*, fail because Plaintiffs appear to
allege either that the electronic communications in question were sent to Defendant
itself, to Facebook, or to advertisers, but both Acts exempt addressees or intended
recipients of electronic communications from liability for disclosing those
communications.[7] (See Facebook Order at 8-10.)

(3)  Plaintiffs' claim under the UCL fails because Plaintiffs do not allege that they lost
money as a result of Defendant's conduct, but instead allege that Defendant
unlawfully shared their "personally identifiable information" with third-party
advertisers.[8] However, personal information does not constitute property for
purposes of a UCL claim. (See Facebook Order at 10-11.)

(4)  Plaintiffs' claim under the CLRA fails because a violation of the CLRA may only be
alleged by a "consumer," i.e. an individual who purchases or leases goods or services,
but as discussed previously, Plaintiffs allege that Defendant's services are available
for free. (See Facebook Order at 14.)

(5)  Plaintiffs' claim for breach of contract fails because California law requires a
showing of "appreciable and actual damage" to assert a breach of contract claim, but

---

difficult to conclude at this point," on the basis of those allegations, that the plaintiffs had established standing. Id. at *6. However, the court did not hold that the plaintiffs could not "articulate some actual or imminent injury in fact"; it merely found that "at this point [the plaintiffs] haven't offered a coherent and factually supported theory of what that injury might be." Id. Finally, the plaintiffs in LaCourt did not bring a cause of action under the Wiretap Act, which is the statute under which this Court finds that Plaintiffs have Article III standing.

[7] (Compare Complaint ¶¶ 1-5, 8 (alleging that Defendant itself "collects personally identifiable information" from its users) with id. ¶ 76 (alleging that Defendant's users, by using Defendant's "gaming apps," are "asking [Defendant] to send an electronic communication to Facebook") and id. ¶ 72 (alleging that Defendant allows users to "send electronic communications to advertisers by clicking on advertising banners within or through [Defendant's] gaming apps").)

[8] (See Complaint ¶¶ 1-3; see also id. at ¶ 21 (alleging that Defendant "does not charge . . . a fee" to use its services).)

4

United States District Court

For the Northern District of California

1    Plaintiffs only allege that they have "suffered and will continue to suffer damages and

2    losses."[9] (See Facebook Order at 14-15.)

3    In addition, Plaintiffs state a claim under the Computer Fraud and Abuse Act ("CFAA"), 18

4    U.S.C. §§ 1030, *et seq*. The CFAA was enacted "to enhance the government's ability to prosecute

5    computer crimes," and was originally designed "to target hackers who accessed computers to steal

6    information or to disrupt or destroy computer functionality." LVRC Holdings LLC v. Brekka, 581

7    F.3d 1127, 1130 (9th Cir. 2009). The section of the CFAA that creates a right of action for private

8    persons injured by such crimes specifies that a civil action under the CFAA "may be brought only if

9    the conduct involves [one out of a list of five prescribed factors]." Id. at 1131 (citing 18 U.S.C. §

10   1030(g)). Those factors are as follows: (1) "loss to 1 or more persons during any 1-year period . . .

11   aggregating at least $5,000 in value"; (2) "the modification or impairment, or potential modification

12   or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals";

13   (3) "physical injury to any person"; (4) "a threat to public health or safety"; and (5) "damage

14   affecting a computer used by or for an entity of the United States Government in furtherance of the

15   administration of justice, national defense, or national security." 18 U.S.C. §§ 1030(c)(4)(A)(i)(I)-

16   (V).

17   Here, Plaintiffs allege as follows:

18       Defendant caused Plaintiffs to suffer damage or loss by misappropriating and
         disclosing to others Plaintiffs' personally identifiable information. (Complaint ¶ 98.)
19       Defendant caused damage or loss during a one-year period aggregating in excess of $5,000.
         (Id. ¶ 99.)
20

21   The Court finds that Plaintiffs' allegation of a violation of the CFAA depends on the

22   allegation that Plaintiffs' personally identifiable information constitutes a form of money or

23   property, such that Defendant's alleged misappropriation and disclosure of that information would

24   constitute "damage or loss . . . in excess of $5,000." However, Plaintiffs offer no legal authority in

25   support of the theory that personally identifiable information constitutes a form of money or

26

27   [9] (Complaint ¶ 125.)

28                                            5

United States District Court
For the Northern District of California

1  property. In the absence of any such authority, the Court finds that Plaintiffs fail to allege monetary

2  damage or loss caused by Defendant.[10] (See Facebook Order at 11 n.10.) Thus, the Court dismisses

3  Plaintiffs' CFAA claim with prejudice.

4  **B.    Conclusion**

5  The Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss as follows:

6  (1)    The Court DENIES Defendant's Motion to Dismiss on the ground that Plaintiffs lack

7          standing under Article III;

8  (2)    The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

9          under the Wiretap Act without prejudice, with leave to amend to allege specific facts

10          showing that the information allegedly disclosed by Defendant was not part of a

11          communication from Plaintiffs to an addressee or intended recipient of that

12          communication;

13  (3)    The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

14          under the Stored Communications Act without prejudice, with leave to amend to

15          allege specific facts showing that the information allegedly disclosed by Defendant

16          was not part of a communication from Plaintiffs to an addressee or intended recipient

17          of that communication;

18  (4)    The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

19          under the UCL with prejudice;

20  (5)    The Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Cause of Action

21          under the CLRA with prejudice;

22

23  [10] Plaintiffs' reliance on United States v. Nosal, No. 10-10038, 2011 U.S. App. LEXIS 8660
(9th Cir. Apr. 28, 2011) in support of their allegations under the CFAA is misplaced. (See

24  Statement of Recent Decisions in Support of Plaintiffs' Response in Opposition to Zynga's Motion
to Dismiss, Docket Item No. 63.) In Nosal, the Ninth Circuit "clarif[ied]" its holding in Brekka to

25  explain that under the CFAA, "an employee accesses a computer in excess of his or her
authorization when that access violates the employer's access restrictions." 2011 U.S. App. LEXIS

26  8660, at *21. Nosal is not pertinent here, because: (1) the Ninth Circuit's holding in Nosal was
limited to the context of an employee's access to his employer's computer system; and (2) Nosal

27  involved a criminal prosecution under the CFAA, and nothing in the opinion speaks to the provision
of the statute providing for a private right of action.

28                                    6

1    (6)    The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action for

2           breach of contract without prejudice, with leave to amend to allege specific facts

3           showing appreciable and actual damages in support of their claim; and

4    (7)    The Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Cause of Action

5           under the CFAA with prejudice.

6        Any Amended Complaint shall be filed on or before **July 15, 2011** and shall be consistent

7    with the terms of this Order.

8

9

10   Dated: June 15, 2011                                    _James Ware_

11                                                    JAMES WARE
                                                      United States District Chief Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          7

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2    Adam Gutride adam@gutridesafier.com
     Adam J. Levitt levitt@whafh.com
3    Andrew N. Friedman afriedman@cohenmilstein.com
     Benjamin Harris Richman brichman@edelson.com
4    Charles Hyunchul Jung cjung@nassiri-jung.com
     David R. Buchanan Dbuchanan@SeegerWeiss.com
5    Francis M. Gregorek gregorek@whafh.com
     Jeff S. Westerman jwesterman@milberg.com
6    Joel E Elkins jelkins@weisslurie.com
     Jonathan Shub jshub@seegerweiss.com
7    Jordan L. Lurie jlurie@weisslurie.com
     Juli E. Farris jfarris@kellerrohrback.com
8    Kassra Powell Nassiri knassiri@nassiri-jung.com
     Leigh Anne Parker lparker@weisslurie.com
9    Mark Adam Griffin mgriffin@kellerrohrback.com
     Matthew Dean Brown mbrown@cooley.com
10   Michael J. Boni mboni@bonizack.com
     Michael James Aschenbrener maschenbrener@edelson.com
11   Michael Patrick Dillingham mdillingham@nassiri-jung.com
     Michael Robert Reese michael@reeserichman.com
12   Philip Scott Friedman psf@consumerlawhelp.com
     Richard L. Seabolt rlseabolt@duanemorris.com
13   Robert Joseph Drexler rdrexler@kpalawyers.com
     Sabrina S. Kim skim@milberg.com
14   Seth Adam Safier seth@gutridesafier.com

15
     Dated:  June 15, 2011                                    Richard W. Wieking, Clerk
16

17                                               By:_____/s/ JW Chambers_____
                                                      Susan Imbriani
18                                                    Courtroom Deputy

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC
ADAM J. LEVITT (*pro hac vice*)
levitt@whafh.com
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: 312/984-0000
Facsimile: 312/984-0001

SEEGER WEISS LLP
JONATHAN SHUB (237708)
jshub@seegerweiss.com
10960 Wilshire Boulevard
Los Angeles, California 90024
Telephone: 310/477-2244
Facsimile: 310/477-4123

EDELSON MCGUIRE, LLC
MICHAEL ASCHENBRENER (*pro hac vice*)
maschenbrener@edelson.com
350 North LaSalle Street, 13th floor
Chicago, Illinois 60654
Telephone: 312/589-6370
Facsimile: 312/589-6378

Plaintiffs' Interim Co-Lead Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE ZYNGA PRIVACY LITIGATION | ) | Case No. CV 10-04680 JW |
| | ) | |
| | ) | |
| | ) | **RULE 3-2 REPRESENTATION** |
| | ) | **STATEMENT** |
| | ) | |
| | ) | |
| | ) | |
| | ) | Judge: Hon. James Ware |
| | ) | |

1     Plaintiffs in this action – Richard Beiles, Nancy Walther Graf, Howard L. Schreiber, John

2    Swanson, Lellaniah Adams, Valerie Gudac, William J. O'Hara, Iris Phee, Zena Carmel-Jessup,

3    Shelley Albini, Christopher Brock, Karen Bryant, and Barbara Moskowitz – are represented by the

4    following counsel:

5

6    Francis M. Gregorek
     Betsy C. Manifold

7    Rachele R. Rickert
     Patrick H. Moran

8    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
     750 B Street, Suite 2770

9    San Diego, CA 92101

10           619/239-4599
             619/234-4599 (fax)

11   gregorek@whafh.com
     manifold@whafh.com

12   rickert@whafh.com

13   moran@whafh.com

14
     Adam J. Levitt

15   Edmund S. Aronowitz
     WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC

16   55 West Monroe Street, Suite 1111
     Chicago, IL 60603

17           312/984-0000
             312/984-0001 (fax)

18   levitt@whafh.com

19   aronowitz@whafh.com

20
     William J. Doyle II

21   John A. Lowther
     DOYLE LOWTHER LLP

22   9466 Black Mountain Road, Suite 210
     San Diego, CA 92126

23           619/573-1700
             619/573-1701 (fax)

24   bill@doylelowther.com

25   john@doylelowther.com

26

27

28

     RULE 3-2 REPRESENTATION STATEMENT – CASE NO. CV 10-04680 JW

                                                                          - 1 -

Alan M. Mansfield
THE CONSUMER LAW GROUP
9466 Black Mountain Road, Suite 225
San Diego, CA 92126
      619/308-5034
      888/341-5048 (fax)
alan@clgca.com

*Attorneys for Plaintiffs Valerie Gudac and Richard Beiles*

Shawn Khorrami
Robert J. Drexler, Jr.
Launa Adolph
KHORRAMI POLLARD & ABIR LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
      213/596-6000
      213/596-6010 (fax)
skhorrami@kpalawyers.com
rdrexler@kpalawyers.com
ladolph@kpalawyers.com

Harris L. Pogust
Bharati O. Sharma
POGUST, BRASLOW & MILROOD, LLC
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 194238
      610/941-4204
      610/941-4245 (fax)
hpogust@pbmattorneys.com
bsharma@phmattorneys.com

*Attorneys for Plaintiff Shelley Albini*

Kassra P. Nassiri
Charles H. Jung
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, CA 94108
      415/762-3100
      415/534-3200 (fax)
knassiri@nassiri-jung.com
ejung@nassiri-jung.com

Michael J. Aschenbrener
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
        312/589-6370
        312/589-6378 (fax)
maschenbrener@edelson.com

*Attorneys for Plaintiff Nancy Walther Graf*

Jonathan Shub
SEEGER WEISS LLP
10960 Wilshire Blvd.
Los Angeles, CA 90024
        310/477-2244
        310/477-4123 (fax)
jshub@seegerweiss.com

Christopher A. Seeger
David R. Buchanan
SEEGER WEISS LLP
One William Street
New York, NY 10004
        212/584-0700
        212/584-0799 (fax)
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com

Michael J. Boni
BONI & ZACK, LLP
15 St. Asaphs Road
Bala Cynwyd, PA 19004
        610/822-0200
        610/822-0206 (fax)
mboni@bonizack.com

Eric D. Freed
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, IL 60602
        312/220-0000
        312/220-7777 (fax)
eric@freedwiess.com

1 Marc H. Edelson
44 West Court Street
2 Doylestown, PA 18901
215/230-8043
3 215/230-8735 (fax)
4 medelson@edelson-law.com

5 *Attorneys for Plaintiff Howard L. Schreiber*

6
7 Juli E. Farris
Mark A. Griffin
8 David J. Ko
KELLER RHOHRBACK LLP
9 1201 Third Avenue, Suite 3200
10 Seattle, WA 98101
206/623-1900
11 206/623-3384 (fax)
jfarris@kekllerrohrback.com
12 mgriffin@kellerrohrback.com
13 dko@kellerrohrback.com

14 *Attorneys for Plaintiff John Swanson*

15
16 Jeff S. Westerman
Sabrina S. Kim
17 MILBERG LLP
One California Plaza
18 300 South Grand Ave., Suite 3900
19 Los Angeles, CA 90071
213-617-1200
20 213-617-1975 (fax)
jwesterman@milberg.com
21 skim@milberg.com

22
Peter E. Seidman
23 MILBERG LLP
One Pennsylvania Plaza, 49th Floor
24 New York, NY 10119-0165
25 212-594-5300
212-868-1229 (fax)
26 pseidman@milberg.com

27
28

1   Michael Robert Reese
    Kim E. Richman
2   REESE RICHMAN LLP
    875 Avenue of the Americas, 18th Floor
3   New York, NY 10001
            212-579-4625
4           212 253-4272 (fax)
5   michael@reeserichman.com

6   *Attorneys for Plaintiffs Iris Phee and William O'Hara*

7

8   Adam Gutride
    Kristen Gelinas Simplicio
9   Seth Adam Safier
10  GUTRIDE SAFIER LLP
    835 Douglass Street
11  San Francisco, CA 94114
            415/271-6469
12          415/449-6469 (fax)
13  adam@gutridesafier.com
    Kristen@gutridesafier.com
14  seth@gutridesafier.com

15  *Attorneys for Plaintiff Zena Carmel-Jessup*

16

17  Eric H. Gibbs
    Dylan Hughes
18  David Knothe Stein
19  GIRARD GIBBS LLP
    601 California Street
20  Suite 1400
    San Francisco, CA 94108
21          415/981-4800
22          415/981-4846 (fax)
    ehg@girardgibbs.com
23  dsh@girardgibbs.com
    ds@girardgibbs.com
24

25

26

27

28

RULE 3-2 REPRESENTATION STATEMENT – CASE NO. CV 10-04680 JW

Andrew N. Friedman
Daniel A. Small
Stefanie M. Ramirez
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue
Suite 500, West Tower
Washington, DC 98104
        202/408-4600
        202/408-4699 (fax)
afriedman@cohenmilstein.com
dsmall@cohenmilstein.com
sramirez@cohenmilstein.com
Philip Scott Friedman
Attorney at Law
2401 Pennsylvania Ave., N.W., Suite 410
Washington, DC 20037
        202/293-4175
        202/318-0395 (fax)
psf@consumerlawhelp.com

*Attorneys for Plaintiffs Karen Bryant and Christopher Brock*

Joel E. Elkins
Jordan L. Lurie
Leigh Anne Parker
WEISS & LURIE
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
        310/208-2800
        310/209-2348
jelkins@weisslurie.com
jlurie@weisslurie.com
lparker@weisslurie.com

*Attorneys for Plaintiff Barbara Moskowitz*

1  Defendant in this action – Zynga Game Network, Inc. – is represented by:

2  Richard L. Seabolt
   Suzanne R. Fogarty
3  Oliver E. Benn
   DUANE MORRIS LLP
4  Spear Tower
   One Market Plaza, Suite 2200
5  San Francisco, CA 94105-1127
   Telephone: 415/957-3000
6  Facsimile: 415/957-3001
   RLSeabolt@DuaneMorris.com
7  SRFogarty@DuaneMorris.com
   OBenn@DuaneMorris.com
8
9  *Attorneys for Defendant Zynga Game Network, Inc.*

10

11 Dated: December 21, 2011                Respectfully submitted,

12
                                          WOLF HALDENSTEIN ADLER
13                                           FREEMAN & HERZ LLC
                                          ADAM J. LEVITT (*pro hac vice*)
14                                        EDMUND S. ARONOWITZ (*pro hac vice*)

15
16                                        ADAM J. LEVITT (*pro hac vice*)

17                                        55 West Monroe Street, Suite 1111
                                          Chicago, Illinois 60603
18                                        Telephone: 312/984-0000
                                          Facsimile: 312/984-0001
19                                        levitt@whafh.com
                                          aronowitz@whafh.com
20
                                          WOLF HALDENSTEIN ADLER
21                                           FREEMAN & HERZ LLP
                                          FRANCIS M. GREGOREK
22                                        BETSY C. MANIFOLD
                                          RACHELE R. RICKERT
23                                        PATRICK H. MORAN
                                          750 B Street, Suite 2770
24                                        San Diego, California 92101
                                          Telephone: 619/239-4599
25                                        Facsimile: 619/234-4599
                                          gregorek@whafh.com
26                                        manifold@whafh.com
27                                        rickert@whafh.com
                                          moran@whafh.com
28

RULE 3-2 REPRESENTATION STATEMENT – CASE NO. CV 10-04680 JW

- 7 -

1

2

3

4

SEEGER WEISS LLP
JONATHAN SHUB
10960 Wilshire Boulevard
Los Angeles, California 90024
Telephone: 310/477-2244
Facsimile: 310/477-4123
jshub@seegerweiss.com

5

6

7

8

EDELSON MCGUIRE, LLC
MICHAEL ASCHENBRENER
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Telephone: 312/589-6370
Facsimile: 312/589-6378
maschenbrener@edelson.com

9

*Plaintiffs' Interim Co-Lead Counsel*

10

11

12

13

14

15

16

17

ZYNGA: 18579

18

19

20

21

22

23

24

25

26

27

28

RULE 3-2 REPRESENTATION STATEMENT – CASE NO. CV 10-04680 JW

- 8 -

1                        **DECLARATION OF SERVICE**

2       I, Marriane Boyles, the undersigned declare:

3       1.     The declarant is and was, at all times herein mentioned, a citizen of the United

4 States and resident of the County of San Diego, over the age of 18 years, and not a party to or

5 interested in the within action; that declarant's business address is 750 B Street, Suite 2770, San

6 Diego, California 92101.

7       2.     That on December 21, 2011, declarant served: **NOTICE OF APPEAL** via U.S.

8 Mail and Electronic Mail.

9       4.     That there is regular communication between the parties.

10       I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st

11 day of December 2011, at San Diego, California.

12

13

14                                       MARIANNE BOYLES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE – CASE NO. CV 10-04680 JW

ZYNGA GAME NETWORK, INC.
Service List – October 28, 2010
Page 1

COUNSEL FOR PLAINTIFFS

Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert
Patrick H. Moran
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
        619/239-4599
        619/234-4599 (fax)
gregorek@whafh.com
manifold@whafh.com
rickert@whafh.com
moran@whafh.com

Adam J. Levitt
Edmund S. Aronowitz
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
55 West Monroe Street, Suite 1111
Chicago, IL 60603
        312/984-0000
        312/984-0001 (fax)
levitt@whafh.com
aronowitz@whafh.com

William J. Doyle II
John A. Lowther
DOYLE LOWTHER LLP
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
        619/573-1700
        619/573-1701 (fax)
bill@doylelowther.com
john@doylelowther.com

Alan M. Mansfield
THE CONSUMER LAW GROUP
9466 Black Mountain Road, Suite 225
San Diego, CA 92126
        619/308-5034
        888/341-5048 (fax)
alan@clgca.com

**Attorneys for Plaintiffs Gudac and Beiles**

Shawn Khorrami
Robert J. Drexler, Jr.
Launa Adolph
KHORRAMI POLLARD & ABIR LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
        213/596-6000
        213/596-6010 (fax)
skhorrami@kpalawyers.com
rdrexler@kpalawyers.com
ladolph@kpalawyers.com

Harris L. Pogust
Bharati O. Sharma
POGUST, BRASLOW & MILROOD, LLC
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 194238
        610/941-4204
        610/941-4245 (fax)
hpogust@pbmattorneys.com
bsharma@phmattorneys.com

**Attorneys for Plaintiff Albini**

Kassra P. Nassiri
Charles H. Jung
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, CA 94108
        415/762-3100
        415/534-3200 (fax)
knassiri@nassiri-jung.com
ejung@nassiri-jung.com

Michael J. Aschenbrener
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
        312/589-6370
        312/589-6378 (fax)
maschenbrener@edelson.com

**Attorneys for Plaintiff Graf**

17868

ZYNGA GAME NETWORK, INC.
Service List – October 28, 2010
Page 2

COUNSEL FOR PLAINTIFFS

Jonathan Shub
SEEGER WEISS LLP
10960 Wilshire Blvd.
Los Angeles, CA 90024
310/477-2244
310/477-4123 (fax)
jshub@seegerweiss.com

Christopher A. Seeger
David R. Buchanan
SEEGER WEISS LLP
One William Street
New York, NY 10004
212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com

Michael J. Boni
BONI & ZACK, LLP
15 St. Asaphs Road
Bala Cynwyd, PA 19004
610/822-0200
610/822-0206 (fax)
mboni@bonizack.com

Eric D. Freed
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, IL 60602
312/220-0000
312/220-7777 (fax)
eric@freedwiess.com

Marc H. Edelson
HOFFMAN & EDELSON LLC
44 West Court Street
Doylestown, PA 18901
215/230-8043
215/230-8735 (fax)
medelson@edelson-law.com

**Attorneys for Plaintiff Schreiber**

Juli E. Farris
Mark A. Griffin
David J. Ko
KELLER RHORBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
206/623-1900
206/623-3384 (fax)
jfarris@kekllerrohrback.com
mgriffin@kellerrohrback.com
dko@kellerrohrback.com

**Attorneys for Plaintiff Swanson**

Jeff S. Westerman
Sabrina S. Kim
MILBERG LLP
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
213-617-1200
213-617-1975 (fax)
jwesterman@milberg.com
skim@milberg.com

Peter E. Seidman
MILBERG LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
212-594-5300
212-868-1229 (fax)
pseidman@milberg.com

Michael Robert Reese
Kim E. Richman
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
212-579-4625
212 253-4272 (fax)
michael@reeserichman.com

**Attorneys for Plaintiffs Phee and O'Hara**

ZYNGA GAME NETWORK, INC.
Service List – October 28, 2010
Page 3

COUNSEL FOR PLAINTIFFS

Adam Gutride
Kristen Gelinas Simplicio
Seth Adam Safier
GUTRIDE SAFIER LLP
835 Douglass Street
San Francisco, CA 94114
    415/271-6469
    415/449-6469 (fax)
adam@gutridesafier.com
Kristen@gutridesafier.com
seth@gutridesafier.com

**Attorneys for Plaintiff Carmel-Jessup**

Joel E. Elkins
Jordan L. Lurie
Leigh Anne Parker
WEISS & LURIE
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
    310/208-2800
    310/209-2348 (fax)
jelkins@weisslurie.com
jluric@weisslurie.com
lparker@weisslurie.com

**Attorneys for Plaintiff Moskowitz**

Eric H. Gibbs
Dylan Hughes
David Knothe Stein
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
    415/981-4800
    415/981-4846 (fax)
ehg@girardgibbs.com
dsh@girardgibbs.com
ds@girardgibbs.com

Andrew N. Friedman
Daniel A. Small
Stefanie M. Ramirez
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue
Suite 500, West Tower
Washington, DC 98104
    202/408-4600
    202/408-4699 (fax)
afriedman@cohenmilstein.com
dsmall@cohenmilstein.com
sramirez@cohenmilstein.com

Philip Scott Friedman
Attorney at Law
2401 Pennsylvania Ave., N.W., Suite 410
Washington, DC 20037
    202/293-4175
    202/318-0395 (fax)
psf@consumerlawhelp.com

**Attorneys for Plaintiffs Bryant and Brock**

17868

ZYNGA GAME NETWORK, INC.
Service List – October 28, 2010
Page 4

## COUNSEL FOR DEFENDANTS

Richard L. Seabolt
Suzanne R. Fogarty
Oliver E. Benn
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
      415/957-3000
      415/957-3001 (fax)
RLSeabolt@DuaneMorris.com
SRFogarty@DuaneMorris.com
Obenn@DuaneMorris.com

Attorneys for Defendant
ZYNGA GAME NETWORK INC.

17868